OYERTON, J.
 

 These consolidated suits were instituted respectively by the school boards of Bossier and Caddo parishes, and by the superintendent of schools of each of these parishes, against the state board of education,’ the state superintendent • of education, the state auditor, and the state treasurer. The purpose of the suits is to have Acts No. 100 and No. 143 of 1928, in so far as they dedicate or appropriate any part of the severance tax fund to or for the purchase of school books for the use of the children of the state, declared unconstitutional on the same grounds as alleged in the case of Silas P. Borden et al. v. Louisiana State Board of Education et al. No. 29569, this day decided) 123 So. 655,
 
 [1]
 
 and to enjoin defendants from using any part of the severance tax fund for such purchase. The purpose of the suits is also, in effect, to require the payment to petitioners of the $750,000, appropriated by Act No. 143 of 1928, for the purchase of school books for the use of the children of the state, and to have it decreed that all of the severance tax fund, after the deduction of the expenses of' collection and the amount allocated to the parishes, is part of the current school fund of the state, and distributable as such, in the manner and form provided in the Oonstitu
 
 *1036
 
 tion, to be expended' by the parish school boards solely for the support of the public schools of their respective parishes.
 

 Defendants filed exceptions of no right or cause of action. These were sustained by the trial court, and the suits dismissed.
 

 . The -only legislation that dedicates or appropriates any part of the severance tax fund to or for the public schools of the state is Act No. 100 of 1928 and Act No. 143 of the same .year. The first of these acts, as we held in the Borden Case, cited supra, merely dedicates an indefinite part of the tax, after deducting funds and appropriations provided by the Constitution, and then directs that the balance shall be transferred to the public school fund. Act No. 143 of 1928, after making certain appropriations, unnecessary to mention, out of the severance tax fund, appropriates $750,000 out of that fund for the purchase of school books for the use of the children of the state.
 

 As we held in the Borden Case, Act No. 100 of 1928 is merely an act that dedicates funds, and is not an appropriation act. Of and by itself it has no practical valué, save, perhaps, to serve as a basis for future appropriations. If Act No. 143 of 1928, or, for that matter, if Act No. 10O of 1928, were declared unconstitutional, or if both of them were so declared, in so far as they relate to the purchase of text-books for the use of the children of the state, plaintiffs would gain nothing by the decree. The declaring of these acts unconstitutional, to the extent mentioned, would lea.ve the $750,000 in the treasury, subject to appropriation by the Legislature, and would not, as urged by plaintiffs, cause this sum, or any part of it, to pass to the public school fund, subject to distribution among the parishes.
 

 We therefore think that plaintiffs disclose no right or cause of action. They have no interest to sustain these suits, and were properly dismissed.
 

 The judgment in each of these cases is therefore affirmed.
 

 THOMPSON, J., concurs in decree.
 

 [1]
 

 Ante, p. 1005.